UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARC J. COMER, ESQ. as Administrator ad Prosequendum and Administrator of the ESTATE OF CARLOS ABRAHAM MELENDEZ HERNANDEZ a/k/a CARLOS MELENDEZ**<br><br>**Plaintiff,**<br><br>v.<br><br>**AMERICAN TRANSMISSION SYSTEMS, INCORPORATED; AMERICAN TRANSMISSION SYSTEMS, INCORPORATED d/b/a FIRSTENERGY; FIRSTENERGY CORP.; FIRST ENERGY OF PA, LLC; FIRSTENERGY SERVICE COMPANY; PENN POWER COMPANY; PENN POWER; OHIO EDISON; OHIO EDISON COMPANY; WALLY KRAUSS; MITCHELL BIASUCCI; MATT STEINMETZ; MORRIS PAINTING INCORPORATED.; JOHN DOES 1-20 and ABC CORPORATIONS 1-20,**<br><br>**Defendants.** | Civil Action No.: 2:23-cv-1464<br><br>**COMPLAINT** |

Plaintiff, **MARC J. COMER, ESQ. as Administrator ad Prosequendum and Administrator of the ESTATE OF CARLOS ABRAHAM MELENDEZ HERNANDEZ a/k/a CARLOS MELENDEZ (hereinafter "Carlos Melendez")**, by and through his attorneys, Law Offices of R. Emmett Madden and Clark Law Firm, PC (phv to be filed), by way of Complaint against the defendants alleges upon information and belief as follows:

### NATURE AND SUMMARY OF THE ACTION

1.      On or about August 30, 2021, Plaintiff's decedent, **CARLOS MELENDEZ**, was working as part of a transmission tower painting crew for Morris Painting, Inc. on a work site located at or near 1701 Mohawk School Road, Edinburg, Pennsylvania 16116.  Morris Painting had

contracted with the electrical utility to paint numerous transmission towers along this transmission tower line. Each tower held several high voltage electrical conductor lines (including 345kV) which the utility defendants left on and live while this painting work was ongoing. The towers were roughly 80 feet high. An electrical utility has one of the highest duties of care recognized in the law of negligence to prevent people (including employees of its contractors) from being killed by its electrical facilities. A supplier of electric current is bound not only to know the extent of the danger, but to use the very highest degree of care practical to avoid injury to everyone who may be lawfully in proximity to its wires, and liable to come accidentally or otherwise in contact with them. That a transmission line is a dangerous instrumentality is recognized everywhere. No matter where located it is a source of grave peril and the law requires that the possessor of such an instrumentality exercise a high degree of care. Under law and industry standards, the electrical utility has to make sure that workers and other people (including their tools and equipment) stay a minimum of at least 10+ feet away from these high voltage transmission lines. Instead the utility defendants chose to have these transmission towers painted while the lines were live and thus risking the lives of these workers who had to regularly breach the minimum approach distance in order to paint the towers while the utility defendants left the power on. As a result of the acts and omissions complained of herein and to be further developed through the ongoing course of discovery, litigation and investigation, Carlos Melendez was electrocuted and killed on this transmission tower on August 30, 2021.

2. At the time of the incident and in the days prior, representatives of the utility were on site watching the work, or otherwise had actual knowledge, that the lives of these unskilled contractor employees were being jeopardized by having them paint the towers while the power was on and in violation of numerous industry safety standards designed to protect those very workers. In fact the utility chose to do it this way. The utility did not want to turn off the power because it was cheaper

to leave it on, thus placing profits over the lives of these workers. This was a peculiar risk and ultra-hazardous activity.

3. At all relevant times, Defendants, **AMERICAN TRANSMISSION SYSTEMS, INCORPORATED; AMERICAN TRANSMISSION SYSTEMS, INCORPORATED d/b/a FIRSTENERGY; FIRSTENERGY CORP.; FIRST ENERGY OF PA, LLC; FIRSTENERGY SERVICE COMPANY; PENN POWER COMPANY; PENN POWER; OHIO EDISON; OHIO EDISON COMPANY; WALLY KRAUSS; MITCHELL BIASUCCI; MATT STEINMETZ; MORRIS PAINTING INCORPORATED.; JOHN DOES 1-20 and/or ABC CORPORATIONS 1-20**, or any one of them, was and/or still is the possessor of the aforementioned transmission tower and line which is a dangerous instrumentality wherein Defendants owed a high degree of care and should have and/or did reasonably anticipate the serious consequences inherent to having its unskilled contractor employees painting the live line towers in violation of basic industry safety standards. This was a peculiar risk and ultra-hazardous activity.

4. Plaintiff asserts negligence, recklessness and flagrance against all Defendants.

5. Plaintiff brings this action and all claims and causes of action asserted herein against the Defendants, under the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. §8301 and 231 Pa. Code § 2201 *et seq.*, as well as the Pennsylvania Survival Act, 42 Pa.C.S.A. §8302 *et seq.*

6. Plaintiff's decedent did not bring a negligence claim during his lifetime for the injuries and damages described herein.

7. Plaintiff is authorized to bring this action on his own behalf, as Administrator ad Prosequendum and Administrator of Mr. Melendez's Estate, and on behalf of the beneficiaries who may be entitled by law to recover damages under the Wrongful Death and/or Survival Acts.

8. Defendants, and their agents, ostensible agents, servants, borrowed servants, and/or employees, individually and/or collectively, had a duty of care to provide a safe work environment to Plaintiff's decedent and otherwise prevent members of that painting crew from being killed by its electrical facilities as discussed herein and as will be developed through the ongoing course of discovery, investigation and litigation.

9. At all times relevant hereto, the Defendants and the individuals identified herein, as well as individuals currently known to the Defendant but unknown to Plaintiff, individually and collectively were responsible to provide Plaintiff's decedent's a safe work environment.

10. At all times relevant hereto, the individuals identified herein, as well as individuals currently known to the Defendant but unknown to Plaintiff, individually and/or collectively, negligently, carelessly, wantonly, grossly negligently, flagrantly and/or recklessly failed to meet their respective duties.

11. At all times relevant hereto, the individuals identified herein, as well as individuals currently known to the Defendant but unknown to Plaintiffs, individually and/or collectively, breached their duty to provide a safe work environment to Plaintiff's decedent and failed to exercise or possess the degree of care, skill and knowledge ordinarily exercised within accepted standards of care.

12. As a direct, factual, and substantial result of the negligent, careless, grossly negligent, flagrant, wanton, and/or reckless unskilled performance of the duties of the individuals identified herein, as well as individuals currently known to Defendant but unknown to Plaintiff, individually and/or collectively, Plaintiff's decedent was caused to suffer electrocution, pre-death pain and suffering, and death while painting Defendants' transmission towers.

13. It is believed and therefore averred that as a result of the electrocution, Plaintiff's decedent suffered conscious pain and suffering, physical pain, mental anguish, and death. The survivors of Plaintiff's decedent have also lost his advice, comfort, companionship, support, tutelage and continue to endure the emotional anguish and upsetment as a result of him having been killed.

## THE PARTIES

14. Plaintiff, Marc J. Comer, Esq., Administrator and Administrator ad Prosequendum of the Estate of Carlos Melendez is an adult individual who is a resident of the State of New Jersey with a business address of 12 Christopher Way, Suite 200, Eatontown, New Jersey 07724.

15. Defendants, **AMERICAN TRANSMISSION SYSTEMS, INCORPORATED; AMERICAN TRANSMISSION SYSTEMS, INCORPORATED d/b/a FIRSTENERGY; FIRSTENERGY CORP.; FIRST ENERGY OF PA, LLC and; FIRSTENERGY SERVICE COMPANY**, are corporations which do business within Lawrence County, Pennsylvania with their headquarters located at or near 76 South Main Street, Akron, Ohio, 44308.

16. Defendant, **WALLY KRAUSS**, is an individual who has been identified as the First Energy/Penn Power Dedicated Job Inspector who was onsite to observe the operations at relevant times as an inspector. Mr. Krauss' current address is unknown.

17. Defendants, **PENN POWER COMPANY and PENN POWER**, are corporations which do business within Lawrence County, Pennsylvania with their headquarters located at 1 East Washington Street, New Castle, Pennsylvania 16101.

18. Defendants, **OHIO EDISON and OHIO EDISON COMPANY**, are corporations which do business within Lawrence County, Pennsylvania, with their headquarters located at 76 South Main Street, Akron, Ohio 44308.

19. Defendant, **MITCHELL BIASUCCI**, is an individual who has been identified as the supervisor for the jobsite on behalf of the utility defendants (FirstEnergy and related entities) at which Plaintiff was injured. Mr. Biasucci's current address is unknown.

19.1. Defendant **MATT STEINMETZ** was at all relevant time the manager of health and safety at FirstEnergy whose safety responsibilities included the job in question. His address is currently unknown.

20. Defendant **MORRIS PAINTING, INC.** is a corporation with its headquarters located at 91 Struthers-Liberty Road, Youngstown, Ohio 44505.

## JURISDICTION AND VENUE

21. Jurisdiction is appropriate under 28 U.S. Code § 1332. The controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost and is between citizens of different States.

22. Venue is proper in this District under 28 U.S.C. §1391(b) because Defendants' improper conduct alleged in this complaint occurred in, was directed from, and/or emanated from this judicial district since Defendants have caused harm to Plaintiff in this District, and/or because Defendants are subject to personal jurisdiction in this District due to establishing sufficient minimum contacts.

## FURTHER FACTUAL ALLEGATIONS

23. Plaintiff repeats and re-alleges all other paragraphs and portions of this Complaint as if set forth at length herein.

24. Defendants, **AMERICAN TRANSMISSION SYSTEMS, INCORPORATED; AMERICAN TRANSMISSION SYSTEMS, INCORPORATED d/b/a FIRSTENERGY; FIRSTENERGY CORP.; FIRST ENERGY OF PA, LLC; FIRSTENERGY SERVICE**

**COMPANY; PENN POWER COMPANY; PENN POWER; OHIO EDISON; OHIO EDISON COMPANY; WALLY KRAUSS; MITCHELL BIASUCCI; MATT STEINMETZ; MORRIS PAINTING INCORPORATED.; JOHN DOES 1-20 and/or ABC CORPORATIONS 1-20**,,or any one of them, formed a contract with another Defendant in order to paint transmission towers located in or near Lawrence County, Pennsylvania, with Carlos Melendez having been killed on tower 51 located near 1701 Mohawk School Road, Edinburg, Pennsylvania 16116.

25. On or about August 30, 2021, at or about 11:00am, Carlos Melendez was an unskilled painter who was working approximately 75 feet up on the power transmission tower the defendants, or any one of them, chose to have painted while the power was on and the 345 kV electrical conductors live.

26. At some point, as was common on this and the other towers this crew was directed to paint in the prior days, the painters began to feel an electrical charge feeling, including hair stand up. Representatives of defendants were on site at all relevant times and knew, as they wanted and chose, that the power remained on and the workers were painting the towers well within the 10 foot minimum approach distance set forth in law and industry standards and knew about this electrical charge the workers were experiencing but did nothing other than tell the painters to keep on painting. About five minutes later Carlos Melendez was electrocuted. A specialized, trained and qualified crew from the utility retrieved Carols Melendez's body. The death certificate lists the time of death at approximately 11:04 a.m. and was caused by electrocution.

27. Where a dangerous instrumentality is present- such as high voltage transmission lines in a workplace- a commensurate or high duty of care is required to protect those who might come into contact with that instrumentality, such as the painters here. This was a peculiar risk and ultra-hazardous activity. The owner of the towers and electricity is held to a high standard to implement

adequate precautionary measures in order that the safety of others is preserved. The utility knew having their towers painted with the electric live was dangerous, has caused other workers to die in the past, violated basic industry safety rules but nevertheless had it done in this exploitative way by non-English speaking immigrant labor to maximize profits.

28. OSHA investigators were given false and incomplete information but nevertheless issued four (4) serious violations to Defendant, **MORRIS PAINTING INC.**

## FIRST COUNT

29. Plaintiff repeats and re-avers all other portions of the complaint as if set forth at length herein.

30. At all relevant times, Defendants, **AMERICAN TRANSMISSION SYSTEMS, INCORPORATED; AMERICAN TRANSMISSION SYSTEMS, INCORPORATED d/b/a FIRSTENERGY; FIRSTENERGY CORP.; FIRST ENERGY OF PA, LLC; FIRSTENERGY SERVICE COMPANY; PENN POWER COMPANY; PENN POWER; OHIO EDISON; OHIO EDISON COMPANY; WALLY KRAUSS; MITCHELL BIASUCCI; MATT STEINMETZ; MORRIS PAINTING INCORPORATED.; JOHN DOES 1-20 and/or ABC CORPORATIONS 1-20**, or any one of them, was/were the general contractor(s), subcontractor(s), supplier(s), electrical utility and/or owner(s) of the work site and/or transmission tower in question, and were otherwise in a position so as to have a duty for safety on the job site, the breach of which resulted in the injuries in question to plaintiff, which at all relevant times was owned, controlled and/or maintained by Defendants, **AMERICAN TRANSMISSION SYSTEMS, INCORPORATED; AMERICAN TRANSMISSION SYSTEMS, INCORPORATED d/b/a FIRSTENERGY; FIRSTENERGY CORP.; FIRST ENERGY OF PA, LLC; FIRSTENERGY SERVICE COMPANY; PENN POWER COMPANY; PENN POWER; OHIO EDISON;**

**OHIO EDISON COMPANY; WALLY KRAUSS; MITCHELL BIASUCCI; MATT STEINMETZ; MORRIS PAINTING INCORPORATED.; JOHN DOES 1-20 and/or ABC CORPORATIONS 1-20**,,or any one of them, and/or said defendants, or any one of them, created the dangerous condition or unsafe workplace situation and/or substantial certainty of harm which resulted in the complained of incident and injuries, or are otherwise liable to Plaintiff under common law and/or statutory negligence and/or work site safety laws and/or for failure to provide safe access to the work site locations.  This was a peculiar risk and ultra-hazardous activity.

31. At the time and place mentioned herein, defendants failed to comply with various federal and state safety statutes and regulations, failed to comply with local building ordinances and permits, failed to properly supervise the construction, failed to demand and insure that construction proceed in compliance with the Uniform Construction Code and other applicable codes and standards, failed to comply with ordinary and customary safety procedures common in the industry, including hired safety incompetent contractor(s), failed to maintain the property and work site in a reasonably safe condition, created the dangerous condition in question and/or created a substantial certainty of harm to the plaintiff and/or caused the incident at issue and/or otherwise breached other duties as shall become known in the future, said breaches, acts and omissions having proximately caused the incident and injuries plaintiff suffered.  Defendants, or any one of them, are liable under the laws of agency, corporate negligence, *respondeat superior* and/or vicarious liability for the negligent acts and/or omissions of their agents, servants, borrowed servants and/or employees.

32. The jobsite that plaintiff was working on at the above-mentioned time and place was owned, supervised, operated, and/or controlled, in whole or in part, by defendants, **AMERICAN TRANSMISSION SYSTEMS, INCORPORATED; AMERICAN TRANSMISSION SYSTEMS, INCORPORATED d/b/a FIRSTENERGY; FIRSTENERGY CORP.; FIRST**

ENERGY OF PA, LLC; FIRSTENERGY SERVICE COMPANY; PENN POWER COMPANY; PENN POWER; OHIO EDISON; OHIO EDISON COMPANY; WALLY KRAUSS; MITCHELL BIASUCCI; MATT STEINMETZ; MORRIS PAINTING INCORPORATED.; JOHN DOES 1-20 and/or ABC CORPORATIONS 1-20,,or any one of them, and said Defendants having created the dangerous condition or unsafe workplace situation which resulted in the complained of incident and injuries.

33. On the date and time set forth above, plaintiff was a business invitee of the defendants **AMERICAN TRANSMISSION SYSTEMS, INCORPORATED; AMERICAN TRANSMISSION SYSTEMS, INCORPORATED d/b/a FIRSTENERGY; FIRSTENERGY CORP.; FIRST ENERGY OF PA, LLC; FIRSTENERGY SERVICE COMPANY; PENN POWER COMPANY; PENN POWER; OHIO EDISON; OHIO EDISON COMPANY; WALLY KRAUSS; MITCHELL BIASUCCI; MATT STEINMETZ; MORRIS PAINTING INCORPORATED.; JOHN DOES 1-20 and/or ABC CORPORATIONS 1-20**,,or any one of them, performing labor on their premises or premises they were occupiers of or which had involvement in.

34. On the date and time set forth above, the premises owned, operated, designed, maintained, supervised, and/or in the possessory control of defendants, **AMERICAN TRANSMISSION SYSTEMS, INCORPORATED; AMERICAN TRANSMISSION SYSTEMS, INCORPORATED d/b/a FIRSTENERGY; FIRSTENERGY CORP.; FIRST ENERGY OF PA, LLC; FIRSTENERGY SERVICE COMPANY; PENN POWER COMPANY; PENN POWER; OHIO EDISON; OHIO EDISON COMPANY; WALLY KRAUSS; MITCHELL BIASUCCI; MATT STEINMETZ; MORRIS PAINTING INCORPORATED.; JOHN DOES 1-20 and/or ABC CORPORATIONS 1-20**,,or any one of

them, were maintained and permitted to exist in an unreasonably dangerous condition and/or caused the incident at issue. This was a peculiar risk and ultra-hazardous activity.

35. As a direct and proximate result of the unreasonably dangerous conditions on the premises at the aforementioned time and place, as a result of the acts and omissions complained of herein, including creating a condition which resulted in a substantial certainty of harm, plaintiff's decedent was caused to be electrocuted, and suffered severe and painful bodily injuries, including death. Plaintiff's decedent was caused to endure pre-death, conscious pain and suffering and was caused to incur medical, funeral and other expenses and his survivors suffered all losses compensable under the law.

36. As a direct and proximate result of the negligence, flagrance, recklessness and carelessness of the defendants, **AMERICAN TRANSMISSION SYSTEMS, INCORPORATED; AMERICAN TRANSMISSION SYSTEMS, INCORPORATED d/b/a FIRSTENERGY; FIRSTENERGY CORP.; FIRST ENERGY OF PA, LLC; FIRSTENERGY SERVICE COMPANY; PENN POWER COMPANY; PENN POWER; OHIO EDISON; OHIO EDISON COMPANY; WALLY KRAUSS; MITCHELL BIASUCCI; MATT STEINMETZ; MORRIS PAINTING INCORPORATED.; JOHN DOES 1-20 and/or ABC CORPORATIONS 1-20**,,or any one of them, in the ownership, operation, design construction, maintenance, control, delivery of materials to and/or repair of the subject work site property and transmission tower and electric, and as otherwise set forth herein, said defendants, or any one of them, having done and currently doing business in the County of Lawrence, State of Pennsylvania, Plaintiff's decedent sustained severe and permanent injuries, including death. Plaintiff's decedent was caused to endure pre-death, conscious pain and suffering and was caused to incur medical, funeral and other expenses and his survivors suffered all losses compensable under Pennsylvania law.

37. Defendants **JOHN DOES 1-20 and ABC CORPORATIONS 1-20** are fictitious named entities who actual identities are not yet known and who are also liable to plaintiff as set forth herein as to the identified named defendants.

## SECOND COUNT

38. Plaintiff repeats and re-avers all other portions of the complaint as if set forth at length herein.

39. If some defendant(s) may be deemed to have no legal liability, such as perhaps, being deemed the employer(s) of plaintiff at the time of the incident, who duly maintained workers compensation insurance and are protected from tort liability under the exclusive remedy provisions of the Pennsylvania Workers' Compensation Act, or otherwise, and if no exception to those exclusive remedy provisions or legal defenses is found to be applicable, then it is alleged these defendants are in the exclusive possession of documents, information and/or other evidence relevant to facts at issue in this case and seek to remain as a defendant in this alternative capacity for purposes of discovery of the aforesaid information and evidence.

## THIRD COUNT

40. Plaintiff repeats and re-avers the allegations contained above as if set forth at length herein.

41. Marc J. Comer, Esq., as Administrator and Administrator ad Prosequendum of the Estate of Carlos Melendez hereby brings this action pursuant to the authority granted by 42 Pa. C.S.A.§8301, also known as Pennsylvania Wrongful Death Act, and claims all damages recoverable under the Act.

42. At the time of his death, decedent was survived by beneficiaries who are entitled by the Pennsylvania Wrongful Death statute to recover damages for his death and on whose behalf this

action is brought by Plaintiff as decedent's personal representative.

43. By reason of the decedent's death, the Wrongful Death heirs have suffered pecuniary losses including loss of income and the economic and non-economic value of his services and consortium to which they were entitled and upon which they depended.

44. Mr. Melendez's survivors and his estate have incurred medical, funeral and other expenses on behalf of the decedent, and Plaintiff has also incurred expenses related to the administration of the decedent's estate and other financial losses and to the extent these are recoverable under Wrongful Death Statutes a claim is made therefor.

45. Decedent's survivors have been and will continue to be deprived of his services, society, companionship, and tutelage to their great detriment and loss.

46. Decedent did not bring an action for his personal injuries during his lifetime, and no other action for his death has been commenced against the Defendant.

## FOURTH COUNT

47. Plaintiff repeats and re-avers all other portions of the complaint as if set forth at length herein.

48. Marc J. Comer, Esq., as Administrator and Administrator ad Prosequendum of the Estate of Carlos Melendez hereby brings this action pursuant to the authority granted by 42 Pa. C.S.A. §8302 *et seq.* also known as the Survival Act and claims all damages under the Survival Act.

49. As a direct, factual and substantial cause of the Defendants' negligence, carelessness, flagrance, gross negligence, and/or recklessness which caused Mr. Melendez's death, the Estate has been deprived of the economic value of Mr. Melendez's life expectancy, and Plaintiff hereby claims

damages for these economic losses suffered by the Estate, and claims decedent's loss of earnings and earning capacity.

50. As a direct, factual and substantial cause of the Defendant's negligence, carelessness, flagrance, gross negligence, and/or recklessness Plaintiff claims further damages for Mr. Melendez's physical and mental pain, suffering, inconvenience and the loss of life's pleasures that Mr. Melendez's endured prior to his death, and all other recoverable damages to the survivors including emotional upsetment at the loss, loss of advice, loss of tutelage, companionship and support.

### FIFTH COUNT

51. Plaintiff repeats and re-avers all other portions of the complaint as if set forth at length herein.

52. The injuries, harm, and damages suffered by the Plaintiff occurred in whole, or in part due to Defendants' gross negligence, flagrance, and/or recklessness in that the Defendants:

a. Knowingly violated State and Federal workplace safety rules by directly placing Plaintiff's decedent in harm's way;

b. Knowingly violated their own safety standards designed to ensure workers in Plaintiff's position remain uninjured;

c. Failed to ensure the Plaintiff would not required to work on a transmission tower while a live current was traveling through said structure;

d. Failed to prevent Plaintiff from entering any designated hot zone and chose to have the painting work done with the lines on in violation of basic safety standards.

53. Such outrageous, flagrant and reckless conduct by the Defendants causing the unsafe environment and permitting the death of Carlos Melendez constitutes reckless and flagrant disregard for the safety of others for which punitive damages are warranted and requested.

### NOTICE OF PRESERVATION OF EVIDENCE

Plaintiff hereby repeats prior demands and requests that defendant take necessary action to ensure the preservation of all documents, communications, whether electronic or otherwise, items and things in the possession or control of any party to this action, or any entity over which any party to this action has control, or from whom any party to this action has access to, any documents, items or things which may in any manner be relevant or relate to the subject matter of the causes of action and/or the allegations of this complaint

## DEMAND/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Award actual, general, special, incidental, statutory, compensatory and consequential damages on all applicable claims in an amount to be established at trial

B. Award exemplary and punitive damages on all applicable claims in an amount established at trial.

C. Award pre-judgement and post-judgement interest on such monetary relief

D. Award reasonable attorneys' fees and costs;

E. Award such other relief as this Court deems just and proper and is otherwise provided by law.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b) Plaintiff hereby demands a trial by jury.

        **Respectfully submitted,**

        **LAW OFFICES OF R. EMMETT MADDEN**

        */s/ R. Emmett Madden*

        R. EMMETT MADDEN, ESQUIRE
        711 West Avenue
        Jenkintown, PA 19046
        Phone: (215) 884-9300
        emadden@ThePhillyLawyers.com
        *Attorneys for Plaintiff*

        **CLARK LAW FIRM, PC**
        Gerald H. Clark, Esq.
        Jake Antonaccio, Esq.
        811 Sixteenth Avenue
        Belmar, New Jersey 07719
        Phone: (732) 443-0333
        Fax: (732) 894-9647
        *Attorneys for Plaintiff*
        *PHV to be Filed*

DATED:	August 10, 2023

Complaint.wpd